IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROSFEL GARZA, #1181215 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv479 |
| WILLIAM STEPHENS, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff Rosfel Garza, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #18) concluding that the lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Garza has filed objections (Dkt. #21).

Mr. Garza complains that inmates are forced to work without compensation. In his complaint and objections, he argues that making inmates work without compensation amounts to slave labor in violation of the Thirteenth Amendment. Section 1 of the Thirteenth Amendment states the following:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

The Fifth Circuit has repeatedly rejected lawsuits based on the Thirteenth Amendment where inmates complained they were not paid or compensated for their work product. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable

1

Thirteenth Amendment claim if the prison system requires them to work."). The Court observed that the Thirteenth Amendment specifically excepts "punishment for crime whereof the party shall have been duly convicted." *Wendt v. Lynaugh*, 841 F.2d 619, 620 (5th Cir. 1988). In his objections, Mr. Garza asserts that he may not be subjected to slavery or servitude in the absence of a judgment sentencing him to hard labor, but the Fifth Circuit has rejected such arguments. *Ali*, 259 F.3d at 318 ("it lacks authority"). Plaintiff's complaints about involuntary servitude and slave labor lack merit.

Mr. Garza also argues in his objections that forcing inmates to work without compensation violates the Ninth Amendment. The Ninth Amendment provides the following:

> The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.

In applying the provision, the Fifth Circuit has found that the "Ninth Amendment does not confer substantive rights upon which civil rights claims may be based." *Johnson v. Texas Bd. of Criminal Justice*, 281 F. App'x 319, 320 (5th Cir. 2008) (citation omitted). The Court thus rejected an inmate's civil rights claims based on the Ninth Amendment. *Id.* Mr. Garza's claims based on the Ninth Amendment are equally frivolous.

Mr. Garza's objections also discuss mandatory supervision. He asserts that inmates have an entitlement to be released on mandatory supervision. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2014 (1979). Under the Constitution, a prison system is entitled to incarcerate an inmate the entire length of his sentence. A State may, however, establish a parole system. *Id.* An inmate may

2

have a due process right in good time and an expectancy of early release depending upon the wording of a state statute. *Id.* at 11-12, 99 S. Ct. at 2106. Texas law does not create an entitlement to release on parole. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854, 102 S. Ct. 299 (1981). By comparison, Texas' mandatory supervision law creates some "expectancy of release," thereby providing a protected liberty interest. *Boss v. Quarterman*, 552 F.3d 425, 427 (5th Cir. 2008). Thus the question for the court's consideration is whether Mr. Garza is entitled to release on mandatory supervision. He is in custody pursuant to a 2003 Hidalgo County conviction for the offense of murder, with an offense date of July 26, 2001. His appeal was dismissed. *Garza v. State*, No. 13-03-00557-CR, 2004 WL 2335126 (Tex. App. - Corpus Christi May 20, 2004, no pet.). *See also Garza v. Stephens*, No. M-15-230, 2016 WL 1622612 (S.D. Tex. March 28, 2016). He is not eligible for release on mandatory supervision due to the nature of his conviction. Tex. Gov't Code § 508.149(a)(2) (Vernon 2001). Because he is not eligible for release on mandatory supervision, Mr. Garza does not have a protected liberty interest in good conduct time or earned work time. *Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013). He does not have a basis for a federal claim concerning the loss of good conduct time or earned work time due to the lack of a protected liberty interest. His claim focusing on the right to irrevocable good conduct time or work time based on mandatory supervision lacks merit.

Finally, Mr. Garza renews his complaint about officials punishing inmates if they refuse to work. The Fifth Circuit has clearly held, however, that the "refusal to work, by a group or even a single inmate, presents a serious threat to the orderly functioning of a prison. Any unjustified

3

refusal to follow the established work regime is an invitation to sanctions." *Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990), *modified*, 928 F.2d 126 (5th Cir. 1991). The claim is frivolous.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Garza to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Garza's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **7** day of **March, 2017.**

_____
Ron Clark, United States District Judge